IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAIGE E.,[1]

                              Plaintiff,                    Civ. No. 1:19-cv-01204-CL

      v.                                                  **OPINION AND ORDER**

**ANDREW SAUL**, Acting
Commissioner of Social Security

                              Defendant.

_____

**CLARKE, Magistrate Judge:**

      Plaintiff Paige E. ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her application for Supplemental Security Insurance (SSI) under Title XVI of the Social Security Act ("the Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons articulated below, the Commissioner's final decision is reversed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

## BACKGROUND

Born in 1997, Plaintiff was a "younger person" when she filed for SSI on July 20, 2015. Tr. 222. She alleges disability as of September 4, 2012, due to morbid obesity, new daily persistent headache (NDPH) syndrome, adjustment disorder, anxiety, depressive disorder, and depression. Tr. 16, 222-30. She has a high school education and no past relevant work history. Tr. 249, 311.

Plaintiff's claim for SSI was denied initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ), which was held on July 26, 2018. Tr. 42-73. On September 19, 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 11-24. The Appeals Council denied Plaintiff's request for review. Tr. 1-5. This appeal followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. § 416.920(a)(4). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.; Bustamante v.

Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since her alleged onset date of September 4, 2012. Tr. 16. At step two, the ALJ found Plaintiff had the severe impairments of morbid obesity, new daily persistent headache (NDPH) syndrome, adjustment disorder, anxiety, depressive disorder, and depression. Tr. 16.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled any listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17. The ALJ next assessed Plaintiff's RFC and determined that she retained the capacity to perform a full range of work with the following limitations:

> [she] could occasionally climb ramps and stairs, but could not climb ladders, ropes, or scaffolds. Additionally, [Plaintiff] can frequently stoop, crouch, or operate a motor vehicle. [She] was also limited to simple, routine tasks, as well as occasional changes in the work setting. Moreover, [Plaintiff] can have occasional interaction with co-workers and supervisors, but not the public.

Tr. 18.

At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 23. The ALJ then determined that Plaintiff could perform jobs that exist in significant numbers in the national

economy, including kitchen helper, office helper, and general office document helper. Tr. 23, 74. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 24.

Plaintiff contends the Commissioner erred by (I) failing, at step three, to find that her combined impairments met a Listing; (II) improperly evaluating the medical evidence; (III) rejecting Plaintiff's subjective symptom testimony; (IV) rejecting the lay witness testimony; and (V) making improper findings at step five.

**I.   Step Three**

Plaintiff first argues that the ALJ erred by failing to find at step three that her combined impairments met a Listing. Plaintiff has the burden at step three to show that her impairments meet or equal the requirements of a listed impairment. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Id.

Here, Plaintiff argues that she meets both Listing 12.04 (depression) and Listing 11.02 (epilepsy). Listing 12.04, for depression, contains three paragraphs, A, B, and C; to satisfy Listing 12.04, a claimant must meet the criteria of A and B, or A and C. 20 C.F.R. Part 404 Appx. 1, Subpt. P, 12.00A.2. Paragraph A lists 11 medical criteria, five of which must be established to satisfy the Listing. Paragraph B contains four functional domains, of which the claimant must show "extreme" limitation of one, or "marked" limitation of two. Paragraph C relates to "serious and persistent" depression; to qualify, a claimant's depression must be documented for at least two years and the claimant must show evidence of both treatment and marginal adjustment. The ALJ determined that the evidence failed to show that Plaintiff's mental impairments, singly or in combination, satisfied *any* of these paragraphs. Tr. 17-18. Specifically, he found that Plaintiff's

levels of limitations in the four functional domains listed in Paragraph B were mild to none. Tr. 17-18. Further, Plaintiff could not satisfy Paragraph C because she did not appear to receive mental health treatment between 2015 and 2018. Tr. 832-924, 950-989, 1260. The evidence provided by Plaintiff therefore could not meet the criteria for Listing 12.04.

A claimant satisfies Listing 11.02 if her impairments result in (1) dyscognitive seizures, occurring at least once a week for at least three consecutive months, despite adherence to prescribed treatment; or (2) dyscognitive seizures, occurring at least once every two weeks for at least three consecutive months, despite adherence to prescribed treatment. 20 C.F.R. Part 404 Appx. 1, Subpt. P, 11.02. The claimant's dyscognitive seizures must also result in a marked limitation in one of four functional areas. Here, the ALJ determined that Plaintiff's symptoms did not exhibit significant interference with her physical movement, speech, vision, mental function, or daily activities. Further, the ALJ found Plaintiff to be at most mildly limited in the four main functional categories. Tr. 17-18. On this record, because Plaintiff's dyscognitive seizures did not result in a marked limitation in any functional areas, the evidence foreclosed a finding that Plaintiff's impairments met Listing 11.02. The ALJ properly resolved step three.

## II. Medical Opinion Evidence

Plaintiff next argues that the ALJ improperly rejected the opinions of treating physician Charlotte Lin, M.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'"

Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

**1. Treating Physician Charlotte Lin, M.D.**

Dr. Lin completed a medical source statement in July, 2018 regarding Plaintiff's impairments. Tr. 1255-56. She opined that Plaintiff was unable to sustain employment due to headaches, panic, anxiety, and social phobia, which prevented her from being productive while away from home. Tr. 1255. Dr. Lin also wrote that Plaintiff would be absent more than two days per month. Tr. 1255. In closing, she wrote, "I don't feel that I know her that well since I started seeing her 6/14 to 1/16 and had seven visits with her. Then there was a hiatus in her visits with me 4/30/18, and then today." Tr. 1256.

The ALJ rejected Dr. Lin's opinion because it lacked support or explanation from objective treatment records. Tr. 22. The ALJ may reject an opinion that is brief, conclusory, and inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Here, in

the absence of clinical findings to support Dr. Lin's limitation that Plaintiff would be unable to sustain employment, the ALJ reasonably found that Plaintiff's limitations did not preclude substantial gainful activities.

The ALJ next noted that Dr. Lin admitted she did not "know [Plaintiff] that well." Tr. 22. It is appropriate for the ALJ to assign less weight to a medical source that is not very familiar with a claimant. 20 C.F.R. § 416.927(c)(2). Further, Dr. Lin's opinion conflicted with other evidence in the record, such as routinely normal examination findings. Tr. 22, 1044, 1047, 1051, 1053, 1057, 1073. The ALJ is entitled to reject an opinion that is inconsistent with the record as a whole. 20 C.F.R. § 416.927(c)(4). On this record, the ALJ provided a legally sufficient justification for rejecting Dr. Lin's opinion. Thomas, 278 F.3d at 957.

### III. Subjective Symptom Testimony

Plaintiff next argues that the ALJ improperly rejected her subjective symptom testimony. At the administrative hearing, Plaintiff testified that she was entirely incapable of working due to pain and mental symptoms. Plaintiff claimed that she could not work primarily due to daily persistent headaches and anxiety, which began at the age of fifteen. Tr. 52, 56. She testified that she was easily overwhelmed and suffered panic attacks when she left her house. Tr. 55-56, 69. Plaintiff also reported to the Agency that she had difficulty concentrating and was only able to engage in activities that did not require any reading or serious thinking. Tr. 270.

The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014). Here, the ALJ rejected Plaintiff's testimony to the extent it conflicted with the second RFC and provided legally sufficient reasons for doing so. Tr. 20-22. First, the ALJ noted that Plaintiff's testimony conflicted with the longitudinal record. Inconsistency with the objective medical record is a clear and

convincing reason to reject a claimant's testimony. 20 C.F.R. § 416.929(c)(2). Here, the ALJ noted that Plaintiff was able to complete high school, play video games daily, and spend about 30 minutes checking emails. Tr. 52, 58-59. On examination, she was fully oriented with appropriate affect and no acute distress, and examination findings were routinely within normal limits. Tr. 22, 1044, 1047, 1051, 1057. The ALJ also noted that Plaintiff had several tattoos. Tr. 55-56, 69. This evidence adds negligible weight to the ALJ's rejection of Plaintiff's testimony. Plaintiff only completed high school with a home tutor and excessive absences, and her ability to play video games and check her email for short periods of time does not contradict her testimony of diminished concentration. However, getting a tattoo could require leaving the house for a significant period of time, and reasonably contradicts Plaintiff's testimony that she suffered panic attacks whenever she left the house.

The ALJ also noted that Plaintiff was not always compliant with treatment recommendations. The ALJ may rely upon inadequately explained failure to seek treatment or to follow a prescribed course of treatment in rejecting a claimant's testimony. Tommasetti, 533 F.3d at 1039. Here, Plaintiff failed to follow the advice of her doctors to get outside, improve her diet, and increase her level of exercise. Tr. 22, 775. Further, while Plaintiff alleged a disability onset date of 2012 and visited a psychologist between 2013 and 2015 at OHSU, she did not appear to begin regular mental health counseling until 2018. Tr. 832-924, 950-989, 1260. Evidence of conservative treatment is "sufficient to discount a claimant's testimony regarding the severity of an impairment." Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007); 20 C.F.R. § 404.1529(c)(3). Here, however, Plaintiff's persistent and chronic headaches could reasonably prevent her from following through with a prescribed course of treatment. Plaintiff's apparent failure to seek mental

health treatment between 2015 and 2018, however, supports the ALJ's rejection of her testimony regarding disabling mental symptoms. Tommasetti, 533 F.3d at 1039.

Finally, the ALJ noted that Plaintiff's mental health symptoms improved with treatment. Tr. 20-21. A treatment's effectiveness is relevant to determining the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3)(iv), (v). At the administrative hearing, Plaintiff testified that Pristiq helped with her depression, and that counseling was helpful as well. Tr. 57, 69. This evidence supports the ALJ's rejection of Plaintiff's testimony that she was completely debilitated by her mental symptoms and limitations. The ALJ, however, provided no legally sufficient reasons for rejecting Plaintiff's testimony of daily persistent headaches. The ALJ's wholesale rejection of Plaintiff's testimony was therefore error.

### IV. Lay Testimony of Allyson E., Jennifer Boudreaux, and Sarah Hockett

Plaintiff next contends that the ALJ improperly rejected the lay testimony of her mother, Allyson E.; treating nurse Jennifer Boudreaux, NP, and mental health counselor Sarah Hockett, MA, LPC. The ALJ may discount a lay witness opinion if she provides germane reasons for doing so. Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016).

**1. Allyson E.**

Plaintiff's mother Ms. E. submitted a letter to the Agency regarding Plaintiff's symptoms and limitations. She stated that Plaintiff developed a headache in September 2012 and had suffered from headaches each day since then. Tr. 369. Ms. E. wrote that Plaintiff developed migraines several times per week and would need to lie in a dark room on those days. She opined that Plaintiff was unable to live independently.

The ALJ rejected Ms. E.'s testimony, alleging that it was inconsistent with the medical evidence in the record. Tr. 22. It is not clear, however, how Plaintiff's normal examination findings

and diagnostic testing contradict Ms. E.'s testimony about Plaintiff's subjective experiences of headache, migraines, and dependency. In the Ninth Circuit, relatives in a position to observe a claimant's symptoms or daily activities can provide competent evidence to show how a claimant's impairments affect their ability to work. Sprague v. Bowen, 812 F.2d 1226, 1232, (9th Cir 1987). In a case such as this, where disability is alleged specifically due to subjective experiences of pain such that are not easily verifiable by objective medical testing, the testimony of the claimant's caretaker is especially probative. Here, the evidence cited by the ALJ in his rejection of Ms. E.'s testimony was not a germane reason to reject her testimony. Plaintiff's normal testing results do not contradict the lay testimony that her headaches are debilitating. Because the ALJ failed to provide a germane reason for rejecting Ms. E.'s testimony, his rejection of her testimony was error. Dale, 823 F.3d at 943.

**2. Jennifer Boudreaux, NP, and Sarah Hockett, MA, LPC**

Plaintiff next contests the ALJ's rejection of the opinions of Plaintiff's nurse Jennifer Boudreaux and counselor Sarah Hockett. Ms. Boudreaux submitted a headache questionnaire to the Agency in September 2016. Tr. 1263-66. She opined that Plaintiff's migraines cause difficulty in sleeping, eating, concentrating, and engaging with activities. Tr. 1263. She also stated that stress and anxiety contributed to Plaintiff's headaches, and that she would be incapable of even low-stress work. Ms. Boudreaux concluded that Plaintiff would be off task at work for twenty-five percent of each day due to headaches. Tr. 1264-65.

Ms. Hockett submitted two statements to the Agency regarding Plaintiff's limitations. In June 2018, she opined that Plaintiff was unable to care for herself and certified Plaintiff's mother to care for her under the Family Medical Leave Act program. Tr. 1268. In July 2018, Ms. Hockett opined that Plaintiff had been unable to complete a normal workday since January 2018.

The ALJ rejected both opinions, stating that they were inconsistent with record evidence that Plaintiff's functional abilities were within normal limits. Tr. 21-22. Inconsistency with the medical record is a legally sufficient reason to reject a lay opinion. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). However, as discussed above, the objective testing that show Plaintiff was no more than moderately limited in her ability to sustain concentration, for example, does not contradict allegations of difficulties caused by Plaintiff's migraines, which are sporadic but completely debilitating. On this record, the ALJ failed to provide legally sufficient reason for rejecting the opinions of Ms. Hockett and Ms. Boudreaux. Bayliss, 427 F.3d at 1218.

## V. Step Five Findings

Plaintiff argues, finally, that the ALJ failed to make proper findings at step five because his conclusions were based upon a flawed RFC. Because the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony regarding headaches as well as the lay witness testimony, he improperly formulated Plaintiff's RFC and thus erred at step five.

## REMAND

Under the credit-as-true analysis articulated in Garrison v. Colvin, remand for further proceedings is not appropriate because no outstanding issues remain which must be addressed before a finding of disability can be made when the erroneously rejected evidence is credited as true. 759 F.3d 995, 1022 (9th Cir. 2014). The improperly rejected testimony of Plaintiff, Allyson E., Ms. Hockett, and Ms. Boudreaux support a finding of disability. Specifically, Ms. E.'s testimony that Plaintiff develops migraines several times per week and needs to lie in a dark room on those days indicates that Plaintiff would miss several days of work per week, which precludes Plaintiff from performing substantial gainful activity. This conclusion is supported by the testimony of Ms. Boudreaux and Ms. Hockett regarding Plaintiff's limitations, as well as

Plaintiff's own testimony regarding her daily persistent headaches. Because further administrative proceedings would serve no useful purpose when this evidence is credited as true, remand for the immediate payment of benefits is appropriate on this record.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED for the immediate payment of benefits under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this __6__ day of May 2021.

_____
Mark Clarke
United States Magistrate Judge